IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TYVON GULLATT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-35-RWS-JBB |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Petitioner Tyvon Gullatt, a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is in custody pursuant to a judgment entered in the 102nd Judicial District Court of Bowie County, Texas. Docket No. 9-1 at 77–78. A jury found Petitioner guilty of the first degree felony offense of murder. *Id.* Petitioner was sentenced to life imprisonment and fined $10,000. *Id.*

The Court referred this matter to the Honorable J. Boone Baxter, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. Docket No. 10. The magistrate judge recommended denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. Docket No. 11.

The Court has conducted a de novo review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Petitioner objects to the Report and Recommendation, which recommends denying his petition, on the grounds that (1) the prosecution presented false and misleading testimony during the liability phase of his criminal trial in violation of his Fourteenth Amendment rights and (2) ineffective assistance of counsel deprived him of his Sixth and Fourteenth Amendment rights. Docket No. 11.

First, Petitioner contends that the State presented false and misleading testimony from Louis Jaralillo, the victim of an extraneous offense, during the liability phase of trial, in violation of Petitioner's Fourteenth Amendment right to due process. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959). To establish a due process violation on such grounds, Petitioner must show that the witness's testimony was false, the State knew the testimony was false, and the testimony was material. *United States v. Dvorin*, 817 F.3d 438, 451–52 (5th Cir. 2016).

Petitioner contends that Jaralillo's testimony was false because, although Jaralillo testified at Petitioner's trial that Petitioner was the perpetrator of an alleged robbery, Jaralillo failed to identify Petitioner in a photographic lineup hours after the alleged robbery. Docket No. 11 at 2. Petitioner further argues that Jaralillo's testimony was false because Petitioner's fingerprints were absent from the knife used in the alleged robbery. *Id.* at 3. During the state habeas proceedings, the state habeas court reviewed exhibits concerning the extraneous offense that were not presented at trial. *See* Docket No. 10 at 8 (quoting Docket No. 9-30 at 59). The state habeas court found that Jaralillo's failure to identify Petitioner in the photographic lineup and the lack of fingerprints on the knife did not establish that Jaralillo's testimony at trial was false. Docket No. 9-30 at 60. In

addition, the state habeas court concluded that Jaralillo's testimony was not material in light of the substantial evidence of Petitioner's guilt presented at trial. *Id.* at 61.

Petitioner argues the magistrate judge erred by finding that the state court's factual findings were not unreasonable in light of the evidence presented at trial and that the state court's decision to deny relief on this ground was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Docket No. 11 at 1–4. Notably, Jaralillo identified Petitioner by name in his witness statement as one of the two individuals who entered his apartment and committed the alleged robbery. Docket No. 9-30 at 43. At trial, Jaralillo testified that he had met Petitioner a couple of times prior to the offense and knew him when he saw him that night. Docket No. 9-15 at 112–13. Marco Perez, Jaralillo's roommate, was not present during the offense, but he allegedly chased after Petitioner when Petitioner was fleeing from Perez and Jaralillo's apartment. Docket No. 9-30 at 41. Perez identified Petitioner in a photographic lineup as the perpetrator of the alleged robbery. *Id.* at 49. Jaralillo, however, failed to identify Petitioner in the photographic lineup. *Id.*

As noted in the Report and Recommendation, Jaralillo did not falsely testify that he was able to identify Petitioner in a photographic lineup or that Petitioner's fingerprints were on the knife used in the alleged robbery. Docket No. 10 at 9. Jaralillo's failure to identify Petitioner in the lineup and the absence of Petitioner's fingerprints on the knife does not establish that Jaralillo's testimony about the extraneous offense was false. Further, the testimony about the extraneous offense was not material because, in light of the substantial evidence of Petitioner's guilt of the charged offense, there is not a reasonable likelihood that Jaralillo's testimony affected the jury's verdict. *See Gullatt v. State*, 590 S.W.3d 20, 22–24 (Tex. Crim. App. 2019) (summarizing the state's evidence against Petitioner). Thus, the state court's findings that Jaralillo's testimony was

not false or misleading and that the testimony was not material did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established law. Nor did the findings result in a decision based on an unreasonable determination of the facts presented in the state court.

Second, Petitioner argues that trial counsel provided ineffective assistance by: (1) opening the door to the extraneous offense testimony by presenting testimony that the shooting of the victim was an accident; (2) failing to impeach Jarallilo's testimony by showing that he failed to identify Petitioner in a photographic lineup; (3) failing to object to the testimony of a criminal investigator who offered an opinion about the locations of the shooter and the victim at the time of the shooting; and (4) failing to object when the prosecutor said in her closing argument that Petitioner's family paid Jarallilo to drop the robbery charge. Docket No. 11 at 4–10. To establish an ineffective assistance of counsel claim, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state habeas court addressed each issue and found that Petitioner's trial counsel did not provide ineffective assistance. Docket No. 9-30 at 63–66. Petitioner claims the state court's findings were unreasonable because his trial counsel's decisions were not strategic, and Petitioner was prejudiced as a result of those decisions.

On federal habeas review, the Court must determine whether the state court's application of *Strickland* was unreasonable, not "whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). More specifically, a federal court may not grant habeas relief unless every "fairminded jurist" would conclude "that *every* reasonable lawyer would have made a different decision." *Dunn v. Reeves*, 594 U.S. 731, 739–40 (2021) (emphasis in original). In this instance, Petitioner has not shown that the state court's

application of *Strickland* was unreasonable. While Petitioner disagrees with his trial counsel's strategic decisions, Petitioner has not shown that every "fairminded jurist" would agree that those strategic decisions were incorrect. Further, Petitioner has not shown that he was prejudiced by his trial counsel's performance. As summarized in *Gullatt v. State*, 590 S.W.3d 20, 22–24 (Tex. Crim. App. 2019), there was overwhelming evidence supporting the jury's verdict. In light of that evidence, Petitioner has not shown a substantial likelihood that the result of the proceedings would have been different if Petitioner's trial counsel had made different strategic decisions at trial.

Accordingly, Petitioner's objections (Docket No. 11) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (Docket No. 10) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

Additionally, in this case, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making that substantial showing, the petitioner need not establish that he or she should prevail on the merits. Rather, he or she must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). "Any doubt regarding whether to grant a certificate of appealability is

resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. In addition, the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**So ORDERED and SIGNED this 26th day of March, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE